## THE CIVIL RIGHTS STATUTE APPLIED.

[Circuit Court of Cuyahoga County.]

### LEWIS E. JOHNSON v. HUMPHREY POP CORN CO.

Decided, November 17, 1902.

*Colored Man Denied Privilege Because He Was Colored—Of Bowling in a Pleasure Resort—Held to Have Been in Violation of the Statute—"Person" Includes Corporation.*

1. A pleasure resort is a place of "public accommodation and amusement" within the meaning of Section 4426-1, and to deny one the privilege of bowling in such a resort for the reason that he is a colored man of African descent is in violation of the statute.
2. The word "person" as used in this statute includes corporation.

MARVIN, J.; CALDWELL, J., and HALE, J., concur.

The parties here are as they were in the court of common pleas.

The plaintiff filed a petition against the defendant, setting up that the defendant is a corporation, and was, on July 17, 1901, and for many weeks prior thereto, the proprietor of and operated as such proprietor a pleasure resort, a place of public accommodation and amusement called "Euclid Beach Park"; that on the date last named the plaintiff was a patron of said pleasure resort; that he was lawfully upon the grounds of the defendant by permission and invitation of the defendant; that he duly procured a ticket for the privilege of bowling in a certain bowling alley maintained and operated by the defendant as a part of the amusements of said resort and for the benefit of its patrons; that he presented himself at said bowling alley and requested the privilege of playing therein in common with other persons, his friends; that the defendant denied him the privilege of so playing wrongfully and without legal excuse; that by reason of this action of the defendant he was great disappointed, mortified and humiliated, and that he has been damaged as a result thereof in the sum of $275, for which he prays judgment. He says further in his petition that he is a colored man, a person of African descent, and that he was so denied the

privilege. of bowling for no other reason that that he was a colored man, a man of African descent.

To this petition the defendant filed a general demurrer, which was sustained, and judgment of dismissal of the petition rendered against the plaintiff, and this is assigned as error.

Our attention is called by the plaintiff to Sections 4426-1 and 4426-2, Revised Statutes, with the preamble to these sections. The preamble reads:

"Whereas, it is essential to just government that we recognize and protect all men as equal before the law, and that a democratic form of government should mete out equal and exact justice to all, of whatever nativity, race, color, persuasion, religious or political; and it being the appropriate object of legislation to enact great fundamental principles into law, therefore:

"Section 4426-1. That all persons within the jurisdiction of said state shall be entitled to the full and equal enjoyment of the accommodations, advantages, facilities and privileges of inns, restaurants, eating houses, barber shops, public conveyances on land or water, theaters and all other places of public accommodation and amusement, subject only to the conditions and limitations established by law, and applicable alike to all citizens.

"Section 4426-2. That any person who shall violate any of the provisions of the foregoing section by denying to any citizen, except for reasons applicable alike to all citizens of every race and color, and regardless of color or race, the full enjoyment of any of the accommodations, advantages, facilities or privileges in said section enumerated, or by aiding or inciting such denial shall, for every such offense, forfeit and pay a sum not less than fifty ($50) dollars nor more than five hundred ($500) dollars to the person aggrieved thereby, to be recovered in any court of competent jurisdiction in the county where said offense was committed; and shall also, for every such offense, be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than fifty ($50) dollars nor more than five hundred ($500) dollars, or shall be imprisoned not less than thirty (30) days nor more than ninety (90) days, or both; and provided further that a judgment in favor of the party aggrieved, or punishment upon an indictment, shall be a bar to either prosecution respectively."

It will be noticed that the Legislature declares the purpose of these statutes by the preamble to be, to enact a great fundamental principle into law, and that principle, as stated, is "that

a democratic form of government should mete out equal and exact justice to all, of whatever nativity, race, color, persuasion, religious or political."

It will be noticed, further, that in the first of these two sections the rights of citizens in respect to the public places named in the section are declared. These rights are that each citizen shall be entitled to the full and equal enjoyment of the "accommodations, advantages, facilities and privileges" of the several places named in the section. Among these are "theaters and all other places of public accommodation and amusement."

From the allegations of this petition it can not be doubted that the defendant's place of business was a place of "public accommodation and amusement," and that, therefore, the plaintiff was entitled, exactly as all other citizens, to the enjoyment of all the accommodations of such place, and that this section was violated by the defendant in refusing him, for the reason set out in the petition, the right to bowl at the bowling alley. This being so, a wrong was perpetrated upon the plaintiff. Whether this wrong was such as would entitle the plaintiff to a recovery in the absence of the suceeding section it is not necessary here to determine, because the next section provides that the party injured may recover, as well as that the party perpetrating the wrong may be prosecuted criminally.

It is urged on the part of the defendant that the language of the last section referred to, "that any *person* who shall violate any of the provisions of the foregoing section," etc., does not include a corporation; that the word "person" must be held to be restricted to a natural person. It is true that the word "person" sometimes in the statute must be construed to mean natural persons only, and that sometimes it must be construed to include artificial persons.

Black, in his work on Interpretation of Laws, at page 138, says:

"The word 'person' is a general or generic term. Hence, when used in a statute, it embraces not only natural persons, but also artificial persons, such as private corporations, unless the context indicates that it was used in a more limited sense, or the subject matter of the act leads to a different conclusion.

That is to say, it applies to corporations in all circumstances where it can reasonably and logically so apply.''

Surely if these statutes are to accomplish the purposes declared in the preamble and named in the first of the two sections, the word "person" must be held to include artificial persons, that is, private corporations; otherwise, of what possible use would it be to provide that all persons shall have the privileges spoken of in the statute, among which are enumerated ''inns, * * * public conveyances on land or water, theaters,'' etc. So far as public conveyances are concerned, the statute would be perfectly worthless. These conveyances on land are almost exclusively either railroad cars, operated by steam or electricity, and owned by corporations. On the water, they are mostly vessels owned by corporations. Theaters are almost universally conducted by corporations. The same is true of hotels, and, to a considerable extent, is true of each of the places enumerated in the statute. If the contention claimed on the part of the defendant in error is to be sustained, the result is that one may be denied the privileges mentioned in the first of these two sections by street car companies, by railroad companies, steamboat companies, by hotel corporations, and be absolutely without remedy; and, so far as these several things are concerned, the statute might as well never have been passed. It was without doubt the intention of the Legislature to enact into positive law what has come to be recognized as justice, that the colored man shall not be refused equal privileges with other people in these public places, and to permit them to be denied by corporations would be, in effect, granting to a creature of the state power to treat as a nullity an enactment of the Legislature of the state.

A man is at liberty to select for his associates whom he will, provided only that the party whom he selects is willing to be his associate. He is at liberty to invite to his home whom he will, and to exclude from his home whom he will, but this does not give to one citizen above another, under the same circumstances, the right to say who shall be admitted to the privileges of the public places enumerated in this section of the statute first referred to.

Apply the rule for the interpretation of the word "person" given in Black, and one can not well conceive a case where, in the nature of things, it should be held to include private corporations if it is not so to be held in the interpretation of this statute.

The case of *Hargo* v. *Meyers*, 4 C. C., 275, cited by counsel for the defendant in error, is not in point in this case. The holding in that case is that an action under the statutes under consideration will not lie against a partnership in its firm name alone to recover a penalty for the violation of the act. In the opinion in that case, however, attention is called to the case of *State* v. *Fertilizer Co.*, 24 Ohio St., 611, 614. In that case it was held that the word "person," as used in a criminal statute for the punishment of those who maintain nuisances, did not include a corporation. In that case Judge Welch, in his opinion, said:

"Criminal laws are to be construed strictly in favor of the accused. In its primary sense, the word 'person' means a natural person only. I know of no criminal statute in Ohio where the word has been held to apply to a corporation; * * * the whole theory and machinery of our administration of criminal law seem adapted only to the prosecution and punishment of natural persons. There is no provision of law for bringing an indicted party into court by summons, or otherwise than by actual arrest of his person. Under such a state of legislation and practice, the Legislature could not have intended, in the use of the word 'person,' which is found in almost every criminal law of the state, to authorize an indictment against a corporation for this particular offense, without any special or further provision as to the liability of corporations, or the mode of proceeding against them."

Prior to this decision there was a statute in force in Ohio providing for the prosecution of incorporated companies for maintaining a nuisance (see 63 O. L., 97), but there was nothing then, and, so far as we know, there is nothing now in the criminal statutes of the state declaring that the word "person" shall be held to include a private corporation. But it must be borne in mind that no effect is made in this case to prosecute the defendant as for a crime. It is true, the statute is penal in its nature, but it

was passed for the purpose, as has already been said, of compelling those owning or conducting these places of public resort to make no discrimination against one because he is of African descent, and the only way to make that effectual, in the great majority of cases, is to hold that the word "person," as used in the statute, includes corporations.

The case of *Ferguson* v. *Gies,* 46 N. W. Rep., 718 (82 Mich., 358), was decided by the Supreme Court of Michigan in 1890. The case arose under a statute similar to ours, except that no provision is made in the Michigan statute for the recovery of damages in a civil action by one who has been deprived of the privileges provided by the statute. A punishment is provided for a violation of the statute, and it is declared that one so violating is guilty of a misdemeanor.

In that case it was held that the defendant, who denied a colored person the privilege of eating at a table in a public restaurant in the city of Detroit, where other patrons of the restaurant were permitted to eat, the denial being because the plaintiff was of African descent, is civilly liable. The opinion seems to be well considered and supported both by reason and authority, and is instructive in this case.

The judgment of the court of common pleas is reversed and the case remanded for further proceedings.

*A. H. Martin,* for plaintiff in error.

*Smith & Taft,* for defendant in error.